[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10976

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BARRINGTON M. HAMILTON,
a.k.a. Jaame Amun Re El,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00072-AT-JKL-1

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Barrington Hamilton, a.k.a. Jaame Amun Re El, was convicted for offenses relating to bank fraud and for structuring transactions to evade reporting requirements. *See* 18 U.S.C. §§ 1344, 1349; 31 U.S.C. § 5324. He was sentenced to 70 months' imprisonment followed by 36 months' supervised release. Less than three years later, Hamilton filed a pro se motion labeled "Termination Notice: Requested Claim to Close Stated Account and Terminate Supervised Release." The district court construed the filing as a motion to terminate supervised release and denied the motion, finding that Hamilton was ineligible for termination because his supervised release term had not yet begun. Hamilton, still proceeding pro se, now appeals.

We review the denial of a motion for early termination of supervised release for abuse of discretion. *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017). An abuse of discretion occurs if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quotation omitted). We review issues raised for the first time on appeal for plain error. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

As an initial matter, we note that Hamilton does not contest the district court's finding that he was not yet eligible for early

termination of supervised release when he filed his motion. *See* 18 U.S.C. § 3583(e)(1) (allowing termination of supervised release "at any time after the expiration of one year of supervised release"). Instead, he raises a constitutional challenge to the validity of the district court's order. He claims that the district court judge, Judge Amy Totenberg, engaged in the practice of law in violation of 28 U.S.C. § 454 and was biased against him as a result, abridging his Fifth Amendment due process right to an impartial judge. *See Wellons v. Warden, Georgia Diagnostic & Classification Prison*, 695 F.3d 1202, 1211 (11th Cir. 2012).

Hamilton's argument does not persuade us.[1] Section 454 states: "Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor." 28 U.S.C. § 454. Even assuming the unlawful practice of law under that provision amounts to a due process violation, Hamilton has not shown that Judge Totenberg engaged in the practice of law. Congress did not explicitly define the term "practice of law" as used in § 454, but the plain meaning of that term encompasses the "professional work of a lawyer," such as advising clients on legal issues, representing clients in litigation, and drafting legal documents. *See* Black's Law Dictionary 1362 (10th ed. 2014); 28 U.S.C. § 451. Hamilton contends that Judge Totenberg practiced law by virtue of her status as a member of the

---

[1] Because we conclude that Hamilton has failed to show that an error occurred, we need not decide whether he adequately raised this issue before the district court.

State Bar of Georgia.   He also claims that Judge Totenberg practiced law when she presided over his criminal trial.  But neither her membership in the state bar nor her role as trial judge constitutes the "practice of law."  Because Hamilton has pointed to no other ground to support his claim that Judge Totenberg was biased against him, his due process argument fails.

We decline to consider other arguments that Hamilton raises.  To the extent that he challenges his original convictions and sentences, those arguments are properly raised in a request for collateral relief, not in a motion for termination of supervised release.  *See* 28 U.S.C. § 2255; 18 U.S.C. § 3583(e)(1).  Hamilton does not argue on appeal that the district court should have construed his "Termination Notice" as a collateral challenge rather than a request for early termination, so we do not review that determination.  In addition, we do not address arguments that Hamilton raises in his reply brief but not in his initial brief.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682–83 (11th Cir. 2014).

We **AFFIRM** the district court's order denying Hamilton's motion for termination of supervised release.